UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Automated Products International, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>Norco Industries, Inc.,<br><br>   Defendant. | Case No. 3:13-CV-396 |

**OPINION AND ORDER**

  Defendant Norco Industries, Inc. ("Norco") sued Plaintiff Automated Products International, LLC, ("API") in 2012, alleging that API infringed on Norco's design patents. The API product in question was protected by U.S. Patent No. 7,134,711 ("'711 Patent"). The parties jointly dismissed Norco's claim with prejudice and API's claim without prejudice. A few months later, API sued Norco in this Court. Norco moved to dismiss API's complaint, arguing that API should have initially brought this suit as a compulsory counterclaim in compliance with Federal Rule of Civil Procedure 13(a). The Court disagrees and denies Norco's Motion to Dismiss.

**A.  Background and facts**

  Norco originally sued API on June 25, 2012, claiming that the roof bow displayed on API's website infringed on three of Norco's U.S. design patents (D650,723, D657,719, and D661,622). (Compl. ¶¶ 10, 13, 16 *Norco Indus., Inc. v. Automated Prods. Int'l, LLC*, No. 3:12-cv-00345 (N.D. Ind. June 25, 2012), ECF No. 1.) On August 9, 2012, API answered Norco's complaint and sought a declaratory judgment that Norco's patents were invalid. (Def.'s Answer

1

6–8, No. 3:12-cv-00345, (N.D. Ind. Aug. 25, 2012), ECF No. 7.) At no point during the original lawsuit did API seek a declaratory judgment that any of its patents were noninfringing. Thereafter, discovery ensued, and on March 27, 2013, Norco and API filed a stipulation of dismissal, which was granted the following day. (Stipulation of Dismissal 1, No. 3:12-cv-00345, (N.D. Ind. Mar. 27, 2013), ECF No. 31.) In pertinent part, the parties stipulated that "API's counterclaims are dismissed without prejudice and that Norco's complaint is dismissed with prejudice, each party to bear its own costs and attorneys' fees." (*Id*.)

A month and a half later, on May 10, 2013, API commenced the present action against Norco, contending Norco infringed on API's utility patent, the '711 Patent. (Compl. 2, May 10, 2013, ECF No. 1.) API contends that Norco's "making, using, selling, and/or offering to sell" the vehicle roof rafters falls within the scope of the '711 Patent. (*Id.* ¶ 8.) Norco filed this Motion to Dismiss contending that API should have brought this claim as a compulsory counterclaim in the prior lawsuit and that API's failure to do so bars its present action for infringement of the '711 Patent. (Def.'s Mot. to Dismiss 1.)

## B. Legal standard

The primary purpose behind Rule 13(a) is judicial economy and avoiding multiple actions by determining in a single lawsuit any disputes that arise from common facts. *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994). According to Rule 13, counterclaims are mandatory when a claim exists at the time of the pleading, it arises out of the same transaction or occurrence as the original claim, and the counterclaim does not require a party over whom the court has no jurisdiction:

> A pleading shall state as a counterclaim any claim which at the time of serving of the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim

>and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). The Seventh Circuit adopts the "logical relationship test" in discerning whether two claims arise from the "same transaction or occurrence" pursuant to Rule 13(a). *See Burlington N. R.R. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990). The phrase "transaction or occurrence" should be liberally construed "'in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a).'" *In re Price*, 42 F.3d at 1073 (quoting *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977). Having reviewed the parties briefs and all relevant submissions, the Court finds that API may proceed with this law suit.

**D. API was not required to bring the current claim as a compulsory counterclaim under Rule 13(a)**

There are two questions in issue: whether the joint dismissal of the prior case precludes API's instant law suit; and whether API was required to bring the current claim as a counterclaim to Norco's original suit.

The answer to the first question is straightforward: issue preclusion does not apply to claims dismissed without prejudice and, in general, claims that have not been adjudicated by the Court in a previous action are not barred on jurisdictional grounds.

Federal Rule of Civil Procedure 41 governs the voluntary dismissal of actions. The effect of API's claim being dismissed without prejudice is that API has the right to pursue its cause of action in a subsequent lawsuit. Thus, the Court finds that the stipulation of dismissal, as agreed to by both parties, does not prevent API from bringing this cause of action.

As explained below, the second question is also resolved in API's favor.

3

**1.  *API's claim does not arise out of the same transaction or occurrence as Norco's original claim***

At the outset, the Court notes that there is no real dispute that API's current claim existed at the time of Norco's lawsuit. For example, API's response to Interrogatory No. 8 in Norco's lawsuit states that "API learned . . . sometime in 2010 that Norco claimed it had a patent on a rafter like that depicted in [a previous interrogatory]." (DE 15, Norco's Ex. 4 at 15.) However, Norco cannot prevail in its motion to dismiss because it cannot show that API's claim arose out of the same transaction or occurrence as Norco's original claim.

The phrase "transaction or occurrence" is liberally construed to further the policies and philosophy of Rule 13(a). *In re Price*, 42 F.3d at 1073. There is no formalistic test to determine whether this element is satisfied. *See Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007). Instead, the Court must "consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Burlington Northern R.R.*, 907 F.2d at 711.

Norco agrees that "where the patents are *generally* related to the same technology, that is not enough by itself to make the counterclaim compulsory." (Def.'s Reply in Supp. of its Mot. to Dismiss 6, ECF No. 17.) Thus mere reference to the '711 Patent in the prior complaint does not by itself mean that there is a logical relationship among the claims. Further, the fact that both lawsuits involve roof bows is not alone determinative that a logical relationship exists. *See Burlington Northern R.R.*, 907 F.2d at 711.

Rather, the Court must consider the totality of the circumstances. And while the nature of both claims pertains to patent infringement concerning competing roof bow products, the law involved in pursuing these claims is distinct. Plaintiff's '711 Patent (a utility patent), at issue in this lawsuit, requires the court to conduct an element-by-element comparison of the two

4

products. *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). On the other hand, Defendant's prior lawsuit concerned the infringement of Defendant's *design* patents and would have required an entirely different legal assessment: whether the ordinary observer would find that the infringing product was the same as the patented design. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008).

If in the original lawsuit API had sought a declaratory judgment of noninfringement, then API would be precluded from bringing its current claim. *See Polymer Indus. Prods. Co.*, 347 F.3d 935 (Fed. Cir. 2003). But, API did not seek a declaration that the '711 Patent was noninfringing in Norco's original lawsuit. Rather, API brought counterclaims arguing that Norco's patents were invalid. Thus, the parties never put the '711 Patent into issue in the original action and API was not required to bring its present claim as a compulsory counterclaim.

**E.  Conclusion**

The Court denies Norco's Motion to Dismiss (DE 14).

SO ORDERED on January 3, 2014.

S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE